IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ALPINE LAND, INC.,            )
                                         )
            Plaintiff,                   )     TC-MD 130320D
                                           )
       v.                                )
                                           )
BAKER COUNTY ASSESSOR,       )
                                           )
           Defendant.               )     **DECISION**

This matter is before the court on the parties' signed stipulated agreements for tax years 2008-09, 2009-10, 2010-11, 2011-12 and 2012-13, requesting the court to order a change in the real market value and maximum assessed value for Account 17134.

After receipt of the parties signed stipulation, the court sent the parties a letter, requesting that the parties set forth the statutory authority allowing the court to order the Baker County Assessor to change the tax rolls for each of the tax years stated in the signed stipulated agreements.

On July 1, 2013, Defendant's response was filed, stating that the "statutory authority" is "ORS 305.288[1](b)." ORS 305.288(1)(b)[1] states that:

> "The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."

The Oregon Legislature has enacted laws that guide taxpayers challenging the real market value assigned to their properties. The first step in the appeal process is to file a petition with the county board of property tax appeals. *See* ORS 309.100. In limited circumstances, the court can

---

[1] All references to Oregon Revised Statutes (ORS) are to 2011. There were no applicable statutory changes to ORS 305.288 for years prior to 2011 for the tax years before the court.

consider an appeal to reduce real market value even though a taxpayer fails to follow the statutorily prescribed process. ORS 305.288(1) permits the court to reduce the value of the property "for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any or all of those tax years," if, for the tax year in dispute, there is either an allegation of an error in value of at least 20 percent and it is attributable to property that was used "primarily as a dwelling," or "good and sufficient cause" for the taxpayer's failure to follow the prescribed appeal process. ORS 305.288(1), (3).

The first exception, ORS 305.288(1)(b), is not applicable to vacant or uninhabited land. *See Harty v. Deschutes County Assessor*, TC-MD No 110006D, WL 1196413 at *1 (Mar 30, 2011); and *Rice v. Yamhill County Assessor*, TC-MD No 010854D, WL 1012790 (Aug 13, 2001). That provision is inapplicable to the matter before the court because the subject property is an unimproved lot for each of the tax years appealed.

The other exception, ORS 305.288(3), is applicable where the taxpayer establishes "good and sufficient cause" for failing to appeal to the county board before appealing to the Tax Court. ORS 305.288(5)(b)(A) defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer[.]" In its letter dated July 1, 2013, Defendant's representative, Kerry B. Savage (Savage), wrote:

> "The taxpayer was also relying on information provided on the tax statements that the property was zoned in such a way that it was buildable. ORS 305.288(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

> * * * * *

> "This is also the information that the property owners relied on until the property owner actually verified the true zoning of the property rather than relying on the information provided on the tax statement and what was of record in the Assessor's Office."

/ / /

According to Savage, Plaintiff relied on "relevant misleading information" provided by "an authorized tax official." The parties agree that Plaintiff had good and sufficient cause for failing to file an appeal with the county board.

ORS 305.288(1)(a) provides statutory authority to the court to "order a change or correction * * * to the assessment and tax roll for the current tax year or either of the two tax years immediately preceding the current tax year, or for any or all of those tax years" if one of the two exceptions are met. The court has statutory authority to order a change to the tax roll for tax years 2010-11, 2011-12 and 2012-13. There is no statutory authority to order a change for tax years 2008-09 and 2009-10. Now, therefore,

IT IS THE DECISION OF THIS COURT that the values of property described as Account 17134 are, as stipulated for the following tax years:

| Tax Year: | 2010-11 | 2011-12 | 2012-13 |
|---|---|---|---|
| Real Market Value | | | |
| Land: | $1,740 | $1,740 | $1,920 |
| Improvements: | $ -0- | $ -0- | $ -0- |
| Total: | $1,740 | $1,740 | $1,920 |
| Exception Real Market Value: | $ -0- | $ -0- | $ -0- |
| Maximum Assessed Value: | $1,393 | $1,434 | $1,477 |
| Assessed Value: | $1,393 | $1,434 | $1,477. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's appeal of tax years 2008-09 and 2009-10 is dismissed.

Dated this ____ day of July 2013.

                                                     JILL A. TANNER
                                                     PRESIDING MAGISTRATE

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This Decision was signed by Presiding Magistrate Jill A. Tanner on July 15, 2013.  The Court filed and entered this Decision on July 15, 2013.***